UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JERALD HICKOX,<br>    Plaintiff,<br><br>-v-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>    Defendant. | No. 1:09-cv-343<br><br>HONORABLE PAUL L. MALONEY |

### OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on an appeal of a final decision of the Commissioner of Social Security that Jerald Hickox ("Plaintiff") was not entitled to disability insurance benefits. The magistrate judge issued a report recommending the Commissioner's decision be affirmed. (ECF No. 17.) Plaintiff timely filed objections. (ECF No. 22.)

### STANDARD OF REVIEW

After being served with a Report and Recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"); *Howard*, 932 F.2d at 509. The United States Supreme Court has held that the statute does not "positively require[] some

lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984.  *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

## ANALYSIS

Plaintiff was initially found not disabled by an Administrative Law Judge ("ALJ") on June 26, 2006.  The Appeals Council vacated that decision and remanded the matter in order to evaluate Plaintiff's potential mental impairments.  On remand, the ALJ again concluded the Plaintiff was not disabled.  (A.R. 13-25.)

Plaintiff's initial brief (ECF No. 10) raised a single issue: whether the decision of the ALJ wrongly rejected the opinions of the treating mental health providers and instead wrongly relied on the opinion of a non-treating source.  The ALJ considered reports from four medical sources: Raul Madrid, Psy.D., Patrick Handlin, a certified physician's assistant, William Padding, a licensed social worker, and Kathryn Burrill, Ph.D.  The ALJ commented on all four sources.  Plaintiff found fault with the manner in which the ALJ treated the evidence from each of these individuals.  In his objections, Plaintiff addressed only the manner in which the ALJ dealt with the reports from Dr. Madrid and Padding.

### A.  Dr. Raul Madrid

The ALJ summarized Dr. Madrid's report as finding that Plaintiff had ADHD, major depression without psychotic features, and a GAF score of 49, which indicated serious psychological features.  (A.R. 20.)  Later, the ALJ explained why he found Dr. Madrid's report was not

2

controlling.

> Dr. Madrid reported on October 1, 2005[,] that the claimant had a GAF score of 49, had ADHD, and had a depressive disorder. While he had conducted no formal testing with the claimant, the doctor did not report psychological symptoms that would support a finding of disability here (Exhibit 9F).

(A.R. 22.) In his initial brief, Plaintiff argues, contrary to what the ALJ stated, Dr. Madrid did perform formal testing. Plaintiff points to the Brown ADHD Inventory for Adults, from which Dr. Madrid concluded Plaintiff had a high probability of ADHD. Plaintiff also argues the ALJ failed to identify which of Plaintiff's symptoms identified in Dr. Madrid's report were inadequate. Plaintiff argues, his symptoms, as outlined by Dr. Madrid, suggest he has a serious limitation in function, as reflected by his GAF score.

The magistrate judge rejected Plaintiff's challenges to Dr. Madrid's report. The magistrate judge found that the ALJ's failure to list ADHD as a severe impairment at step 2 of the analysis was legally irrelevant as other severe impairments were mentioned at step 2, which was sufficient to trigger further analysis. The magistrate judge concluded the ALJ was not required to give weight to Plaintiff's low GAF score because, among other things, a GAF score is a subjective, rather than an objective assessment.

Plaintiff objects. Having reviewed de novo Plaintiff's objections with regard to the ALJ's conclusions about Dr. Madrid, Plaintiff's objections are OVERRULED. This portion of the R&R is ADOPTED as the opinion of this Court. The ALJ and the magistrate judge noted Dr. Madrid found Plaintiff to suffer from ADHD and from a depressive disorder. Dr. Madrid wrote "I have never conducted formal testing with Mr. Hickox, other than a mental [illegible] the Brown ADHD Inventory for Adults." (A.R. 273.) As a result, the only conclusions about Plaintiff that Dr. Madrid reached that were the result of testing was Dr. Madrid's conclusion that Plaintiff has a high

3

probability of having ADHD. As explained in the R&R, whether Plaintiff suffered ADHD is legally irrelevant because there were other impairments that were sufficient to extend the analysis beyond step 2. The ALJ's statement about the lack of formal testing is not a reason for remand.

Although the ALJ could have provided a more extensive discussion of Dr. Madrid's report, the statement "the doctor did not report psychological symptoms that would support a finding of disability here" is sufficient. Contrary to Plaintiff's assertion that the ALJ's opinion fails to identify which symptoms in Dr. Madrid's report are inadequate, the ALJ quite clearly found that all the symptoms mentioned in the report were inadequate. Plaintiff's argument that the GAF score is "evidence of the severity of the listed symptoms" (Obj. 3) fails to undermine the magistrate judge's conclusion that, legally, a GAF score is subjective and entitled to little weight. The ALJ's conclusion that Dr. Madrid did not report psychological symptoms supporting a finding of disability is not a reason for remand.

### B. Patrick Handlin

The ALJ acknowledges a letter written by Handlin supporting Plaintiff's claim for disability insurance benefits. (A.R. 23.) The ALJ explained why Handlin's letter was afforded minimal weight.

> However, it is important to note that Mr. Handlin is not a psychiatrist or a psychologist, but rather a physician's assistant. Accordingly, his ability to provide psychiatric counseling or treatment is limited and he certainly cannot provide medication for the claimant. Mr. Handlin also does not specifically indicate in that letter than he finds the claimant to be disabled on a mental or emotional basis, and his prior notes do not support that conclusion. For all of those reasons, the recommendation of Mr. Handlin for disability benefits is given greatly reduced weight.

(A.R. 23.) In his initial brief, Plaintiff argued that Handlin is qualified as a certified physician's assistant and Handlin's letter is entitled to consideration. Plaintiff also argues that, under SSR-06-

03p, opinions from medical providers who are not traditionally acceptable medical sources, like a physician's assistant, are important and should be evaluated along with all the other evidence in the file.

The magistrate judge concluded Handlin's opinion was not entitled to any particular weight. As a certified physician's assistant, Handlin is not considered an "acceptable medical source" and his opinion is not considered the opinion of a treating physician. The magistrate judge also concluded that Plaintiff's reliance on Social Security Ruling ("SSR") 06-3p was meritless. After discussing what SSR 06-3p requires, the magistrate judge concluded the ALJ followed the course of action recommended by SSR 06-3p.

Plaintiff does not specifically object to the manner in which the magistrate judge resolved the ALJ's treatment of Handlin's opinion. Therefore, this portion of the R&R is ADOPTED as the opinion of this Court.

### C.  William Padding

The ALJ compared the reports and findings of Padding and Dr. Burrill. (A.R. 17.) The ALJ summarized the counseling Plaintiff received from Padding. (A.R. 20-21.) The ALJ also referenced Mr. Padding's responses to a questionnaire concerning Plaintiff's ability to do mental work-related activities. (A.R. 21.) At the hearing, a vocational worker was handed two questionnaires, one completed by Dr. Burrill, a licensed psychologist, and one completed by Padding. (A.R. 434-36.) The vocational worker concluded that there were jobs available to Plaintiff based on the answers supplied by Dr. Burrill. (A.R. 435.) However, based on the answers supplied by Padding, no jobs were available to Plaintiff. (A.R. 436.) The difference resulted from Padding's conclusion that Plaintiff had difficulty with reliability and maintaining attention and concentration. (*Id.*) Although

the ALJ did not explicitly reject Mr. Padding's report, the ALJ gave "great weight" to Dr. Burrill's opinion. (A.R. 23.)

In his initial brief, Plaintiff argued the ALJ improperly handled Padding's opinion. Plaintiff asserts the ALJ never analyzed Padding's opinion, even though the ALJ used Padding's opinion to question the vocational expert. Plaintiff contends the ALJ failed to explain how he weighed Padding's opinion or the reasons for the weight, or lack of weight, assigned to the opinion. Plaintiff reiterates, under SSR 06-3p, the factors that are used to evaluate acceptable medical sources are also used to evaluate opinions from other medical sources.

The magistrate judge addressed Padding's report at the same time that Handlin's letter was discussed. The magistrate judge concluded Plaintiff's reliance on SSR 06-3p was meritless. The magistrate judge concluded the ALJ is not required to discuss every piece of evidence, including opinions supplied by sources other than acceptable medical sources. The magistrate judge outlined what the ALJ wrote about Padding's opinion.

Plaintiff objects. Plaintiff reasons the opinion of an examining psychologist, who saw Plaintiff only once and did not review treatment records, should not be given more weight than the opinion of Plaintiff's counselor, who treated Plaintiff for nearly 18 months. Plaintiff argues the ALJ did not consider Padding's report when discussing Plaintiff's residual functional capacity and merely mentioning Padding's findings elsewhere is not sufficient.

Having reviewed de novo Plaintiff's objections with regard to the manner in which the ALJ dealt with Padding's report, Plaintiff's objection is OVERRULED and this portion of the report is ADOPTED as the opinion of this Court. The magistrate judge correctly summarizes what is required by SSR 06-3p. Interpreting SSR 06-3p, the Sixth Circuit Court of Appeals has held that opinion

medical sources that are not acceptable medical sources cannot establish the existence of a medically determined impairment, but may provide insight into the severity of the impairment. *Cruse v. Comm'r Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007). To the extent Plaintiff argues that the evidence from Padding and Handlin can establish his impairment, Plaintiff's argument fails. To the extent that Plaintiff argues the ALJ failed to consider the evidence from Padding and Handlin for the purpose of establishing the severity of Plaintiff's impairment, Plaintiff's argument also fails. The ALJ considered Padding's opinion; the ALJ did not ignore Padding's opinion. Padding is not a medical doctor and his opinion is not subject to the treating physician's rule. *See Ferguson v. Comm'r Soc. Sec.*, 89 F.3d 833, 1996 WL 341147 (6th Cir. 1996) (unpublished table opinion). Because the ALJ explicitly gave great weight to Dr. Burrill's opinion, an opinion from an acceptable medical source, the ALJ necessarily gave less weight to the opinion of Padding, who reached different conclusions. Plaintiff's objection is not a reason to remand.

### D. Kathryn Burrill

The ALJ gave "great weight" to the opinions of Dr. Burrill.

In his initial brief, Plaintiff criticized Dr. Burrill as lacking the longitudinal picture of a treating source. Plaintiff argues, because Dr. Burrill gave her opinion in the form of an assessment check list, which was based on a single examination, the weight of her opinion should be reduced. Plaintiff argues Dr. Burrill's report should be afforded even less weight because it lacks explanations for her ratings and her conclusions are inconsistent with the narrative report. Plaintiff also points to alleged anomalies in Dr. Burrill's report, such as a severe limitations in his GAF, but Plaintiff's function as good to fair. Finally, Plaintiff argues that Dr. Burrill's report suffers the same weaknesses as Dr. Madrid's report: a lack of formal testing, a failure to report psychological

7

symptoms, and limitations on her ability to provide treatment.

The magistrate judge concluded the ALJ appropriately gave Dr. Burrill's report more weight because Dr. Burrill is an acceptable medical source.

Plaintiff does not specifically object to the manner in which the magistrate judge resolved the ALJ's treatment of Dr. Burrill's opinion. Therefore, this portion of the R&R is ADOPTED as the opinion of this Court.

## CONCLUSION

The ALJ appropriately considered the various medical opinions, including the acceptable medical sources and the medical sources that were not acceptable. The ALJ provides sufficient explanation for his decision, including a sufficient discussion of the various medical opinions to enable a review. The Court finds the magistrate judge's report persuasive. The Court concludes Plaintiff's objections to the report are not a reason to remand the action for further action.

## ORDER

For the reasons offered in the accompanying opinion, the report and recommendation (ECF No. 17) is **ADOPTED**, over objections, as the opinion of this Court. The Commissioner's decision is **AFFIRMED. IT IS SO ORDERED.**


Date:  November 30, 2011                    /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      Chief United States District Judge